UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| RENEE BLANCHARD, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | |
| | § | CIVIL ACTION NO. 3: 08-CV-0370-B |
| HEART OF TEXAS REGION MHMR, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM ORDER

Before the Court is Defendant Heart of Texas Region MHMR's ("Heart of Texas") Motion to Dismiss or, in the Alternative, Transfer Venue (doc. 8). For the reasons that follow, the Motion is **GRANTED IN PART and DENIED in PART.** The Court **DENIES** Heart of Texas's Motion to Dismiss and **GRANTS** its Motion to Transfer Venue.

### I. Background

Plaintiff Renee Blanchard filed a complaint on February 29, 2008, alleging that her supervisor demanded sex as a condition of her continued employment (doc. 1). She brought claims for sexual harassment and retaliation in violation of Title VII, 42 U.S.C. § 2000e, *et seq.* and violations of the Family and Medical Leave Act of 1993, 29 U.S.C. § 2601, *et seq.* and as adopted by TEXAS GOV'T CODE ANN. § 661.912 (Vernon 2004). Heart of Texas filed this Motion to Dismiss or Transfer on March 27, 2008, and Blanchard filed her response on April 1, 2008 (doc. 10). Heart of Texas has not filed a reply.

### II. Analysis

When a defendant raises the issue of proper venue, the plaintiff must identify facts

establishing that venue is appropriate in the district in which the action is pending. *Advance Dynamics Corp. v. Mitech Corp.*, 729 F.Supp. 519, 519 (N.D. Tex. 1990) (citations omitted). When a case is filed laying venue in the wrong division or district, the district court may either dismiss the case or transfer it to any district or division of proper venue. 28 U.S.C. § 1406(a). An action in which jurisdiction is not based on diversity, such as this one, may be brought only (1) in a district where the defendant resides if all of the defendants reside in the same state; (2) in a district in which a substantial part of the events or omissions that gave rise to the claim occurred, or where a substantial part of the property in question is located; or (3) if there is no district in which the action may otherwise be brought, in a district where any defendant may be found. 28 U.S.C. § 1391(b). Title VII cases are governed by a special venue provision, 42 U.S.C. § 2000e-5(f)(3). Under that section, a Title VII action may be brought in: (1) any district in the State in which the unlawful employment practice is alleged to have been committed; or (2) the district in which the employment records relevant to the practice are maintained and administered; or (3) the district in which the aggrieved person would have worked but for the alleged unlawful employment practice if the respondent can be found there or, if not, in the district where the respondent has its principal office. 42 U.S.C. § 2000e-5(f)(3); *Puente v. Ridge*, 2005 WL 1653017, at *2 (S.D. Tex. July 6, 2005).

In its Motion to Dismiss or Transfer, Heart of Texas alleges that venue is improper in the Northern District of Texas and that it is clearly proper in the Western District of Texas ("Western District") because Heart of Texas resides in the Western District; a substantial part of the alleged events or omissions giving rise to the Plaintiff's claims occurred in the Western District; the alleged unlawful employment practice is alleged to have taken place in the Western District; the employment records relevant to the case are located in the Western District; and the Plaintiff would

2

have worked, if not for the alleged unlawful employment practice, in the Western District. Heart of Texas requests that the Court dismiss the case or transfer it to the Western District. In her Response, Blanchard does not allege facts establishing that venue is appropriate in this district. Instead, she explains that she originally believed that Heart of Texas was an agency of the state of Texas. However, the Attorney General of Texas has recently advised her that Heart of Texas is not a state agency. Based upon this discovery, Blanchard states in her response that she now agrees that the Western District of Texas is the proper venue for this case and agrees to transfer the case to that District.

The Court agrees with both parties that the proper venue for this case is the Western District of Texas, not the Northern District. Thus, the only question remaining for this Court to decide is whether to dismiss or transfer the case. 28 U.S.C. § 1406(a) provides, "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." Leading commentators have explained that courts typically favor transfer over dismissal and have discussed the factors that courts consider:

> It is not surprising that in most cases of improper venue the courts conclude that it is in the interest of justice to transfer to a proper forum rather than to dismiss the litigation. The reasons for doing so are especially compelling if the statute of limitations has run since the commencement of the action, so that dismissal might prevent the institution of a new suit by the plaintiff and a resolution on the merits, or if the defendant has misled the plaintiff on the facts relevant to venue. District courts also are likely to order transfer rather than to dismiss the action if it would be more efficient or economical to do so or if the plaintiff's belief that venue was proper was in good faith and reasonable. These are far from being the only reasons for a court to prefer transfer rather than dismissal of the action. Indeed, it is enough that the district judge, in the exercise of his or her discretion, thinks transfer is in the interest of justice, as many courts have concluded.

3

14D Charles Alan Wright, Arthur R. Miller, & Edward H. Cooper, Federal Practice and Procedure Jurisdiction 3d § 3827. Blanchard claims that she has had difficulty serving Heart of Texas and expresses concerns regarding the running of the statute of limitations. Accordingly, the Court finds that transfer to the Western District of Texas, rather than dismissal, is appropriate. It is therefore **ORDERED** that Heart of Texas's Motion to Dismiss is **DENIED** and its Motion to Transfer Venue is **GRANTED.**

### III. Conclusion

For the foregoing reasons, the Court **DENIES** Heart of Texas's Motion to Dismiss and **GRANTS** its Motion to Transfer Venue.

The Clerk is directed to transfer this case to the Western District of Texas.

**SO ORDERED.**

**Signed April 25, 2008**

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE